Milord A. Keshishian, SBN 197835
milord@milordlaw.com
MILORD & ASSOCIATES, P.C.
10517 West Pico Boulevard
Los Angeles, California 90064
Tel: (310) 226-7878
Fax: (310) 226-7879

Attorneys for Plaintiff
CNC SOFTWARE, INC.,

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CNC SOFTWARE, INC., | Case No.: CV 16-7064 SVW (AJWx) |
| Plaintiff, | |
| vs. | **STIPULATED PROTECTIVE ORDER** |
| TRIO MANUFACTURING, | **Discovery Matter** |
| Defendants. | |

## GOOD CAUSE STATEMENT

**A.    Purposes and Limitations**

Discovery in this lawsuit, *CNC SOFTWARE, INC. V. TRIO MANUFACTURING* (the "Action") is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, CNC Software, Inc. ("CNC") and Trio Manufacturing ("Trio") (collectively, "the Parties") hereby petition the Court to enter the following Proposed Protective Order (the "Protective Order").  The Parties acknowledge that this Protective Order does not confer

MILORD & ASSOCIATES, PC
10517 West Pico Boulevard
Los Angeles, CA 90064
(310) 226-7878

blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Section 2.5, below, that this Protective Order does not entitle the Parties to file documents under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

### B.   Good Cause Statement

This Action involves claims for copyright infringement under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq.*  CNC is in the business of developing and selling cutting edge software for Computer Aided Design / Computer Aided Manufacturing ("CAD/CAM").  Trio develops manufacturing solutions to give its customers a competitive edge.  Trio services customers in the commercial aviation, military aviation, defense, communications, satellite, and space industries. Because of the nature of CNC's software, details related to Piracy Detection and Reporting Security Software and other, similar information are confidential and must be protected from disclosure, and with highly sensitive information, safeguards are necessary to limit the disclosure of such information to the opposing party and/or other competitors in the market so as to avoid competitive harm.

### 1.   DESIGNATION OF CONFIDENTIAL INFORMATION

**1.1   Confidentiality Designations**.  Information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement shall be referred to as "CONFIDENTIAL INFORMATION."

MILORD & ASSOCIATES, PC
10517 West Pico Boulevard
Los Angeles, CA 90064
(310) 226-7878

CONFIDENTIAL INFORMATION may be designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY, as follows:

a.    <u>CONFIDENTIAL designation</u>.  A party or non-party may designate material CONFIDENTIAL only if it deems that a reasonable basis exists for limiting dissemination of the material under the standards of Rule 26 and that the material contains confidential and/or proprietary commercial information that is not generally available to the public.

b.    <u>CONFIDENTIAL - ATTORNEYS' EYES ONLY designation</u>. A party or non-party may only designate material CONFIDENTIAL - ATTORNEYS' EYES ONLY if it deems that disclosure of such material to another person or party would be injurious to the commercial interests of the designating entity under the standards of Rule 26 and that the material contains highly propriety technical or trade secret or business information so that the risk of improper use or disclosure to another party outweighs the right of that party to review such information.

**1.2    Produced Documents.**  A party producing documents that it believes constitute or contain CONFIDENTIAL INFORMATION shall produce copies bearing a label designating such material CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY.  As used herein, the term "documents" includes all writings or other media on which information is recorded and other electronic files and tangible things subject to production under the *Federal Rules of Civil Procedure.*

**1.3    Interrogatory Answers.**  If a party answering an interrogatory believes in good faith under the criteria set forth in Section 1.1 that its answer contains CONFIDENTIAL INFORMATION, it shall set forth its answer in a separate document that is produced and designated as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY in the same manner as a produced document under Section 1.2.

**1.4    Inspections of Documents.**  In the event a party elects to produce files and records for inspection and the requesting party elects to inspect them, no designation of CONFIDENTIAL INFORMATION need be made in advance of the inspection.  For purposes of such inspection, all materials produced shall be considered as CONFIDENTIAL INFORMATION unless the Parties in the Action agree otherwise.  If the inspecting party selects specified documents to be copied, such documents shall be treated as CONFIDENTIAL INFORMATION until 10 days have elapsed from the time the producing party is provided copies of the selected documents, during which time the producing party may designate such documents as CONFIDENTIAL INFORMATION in accordance with Section 1.1.

**1.5    Deposition Transcripts.**  Portions of testimony taken at a deposition or conference and any corresponding exhibits may be designated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY by making a statement to that effect on the record at the deposition or other proceeding.  Arrangements shall be made with the court reporter transcribing such proceeding to separately bind such portions of the transcript containing information designated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY and label such portions appropriately.  For convenience, if a deposition transcript contains repeated references to CONFIDENTIAL INFORMATION which cannot conveniently be segregated from non-CONFIDENTIAL INFORMATION, the entire transcript be marked by the reporter as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY.

A party may also designate information disclosed at a deposition as CONFIDENTIAL and/or CONFIDENTIAL - ATTORNEYS' EYES ONLY by notifying all parties in writing, within thirty (30) days of receipt of the transcript, of the specific pages and lines designated as such.  Each party shall attach a copy of such written statement to the face of each transcript in its possession, custody or control.  For thirty (30) days after receipt of the transcript, depositions shall be treated as CONFIDENTIAL -

MILORD & ASSOCIATES, PC
10517 West Pico Boulevard
Los Angeles, CA 90064
(310) 226-7878

ATTORNEYS' EYES ONLY, but after that period any portions not designated as CONFIDENTIAL and/or CONFIDENTIAL - ATTORNEYS' EYES ONLY may be disclosed.

      **1.6**    **Multi-page Documents.**  A party may designate all pages of an integrated, multi-page document, including a deposition transcript, interrogatory answers and responses to document requests, as CONFIDENTIAL INFORMATION by placing the label specified in Section 1.1 on the first page of the document. If a party wishes to designate only certain portions of an integrated, multi-page document as CONFIDENTIAL INFORMATION, it should designate such portions immediately below the label on the first page of the document and place the label specified in Section 1.1 on each page of the document containing CONFIDENTIAL INFORMATION.

      **1.7**    **Inadvertent Failures to Designate**. Inadvertent failure to designate qualified information or items does not, standing alone, waive the right to secure protection under this Protective Order for such material, provided that the designating party promptly corrects the designation after discovery of such inadvertent failure. Upon timely correction of a designation, the receiving party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Protective Order.

      **2.**     **HANDLING PRIOR TO TRIAL.**

      **2.1**   **Disclosure of CONFIDENTIAL Material.**  Materials designated CONFIDENTIAL or information derived therefrom may be disclosed, shown, or made available, or communicated in any way only to the following persons:

          a.     The parties and employees of the parties, but only to the extent necessary to participate in, assist in and monitor the progress of this Action and for no other purpose;

b.      Qualified persons taking testimony involving CONFIDENTIAL INFORMATION, and necessary stenographic, videographic, and clerical personnel thereof;

c.      Consultants or experts and their staff who are employed for the purposes of this litigation who have signed the "Written Assurance" acknowledgement (Attachment A);

d.      The court and the court's staff;

e.      The author, addressees and recipients of the documents or any person who would have had access to such information by virtue of his/her employment; and for whom disclosure is reasonably necessary,

f.      any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

g.      Attorneys for the parties to this litigation and/or the insurance carriers for the parties to the litigation, including persons working solely in secretarial, clerical, and paralegal capacities, and who are providing assistance to counsel in this Action, and/or claims representatives and/or claims adjustors, upon the condition that such CONFIDENTIAL INFORMATION not be used in policy issuance determinations and be immediately destroyed by the insurance carriers upon completion of the instant litigation;

h.      Third-parties specifically retained to assist outside counsel in copying, imaging, and/or coding of documents but for that purpose only, provided that all such confidential documents are kept and maintained in a separate and secure place and that the third party retained to copy, image, or code confidential documents is not currently performing any services, either as an employee, consultant, or otherwise for any competitor of either party to this Action or for one having any interest adverse to either party to this Action;

i.      Any other person as to whom the parties previously agree in writing.

**2.2     Disclosure of CONFIDENTIAL – ATTORNEYS' EYES ONLY Material.**  Material or documents designated as CONFIDENTIAL - ATTORNEYS' EYES ONLY may be shown to the persons listed in Sections 2.1(b) through (i).

**2.3     Use of CONFIDENTIAL INFORMATION.**  Individuals who are authorized to review CONFIDENTIAL INFORMATION pursuant to this Protective Order shall hold the CONFIDENTIAL INFORMATION and its contents in confidence and shall not divulge it, either verbally or in writing, except as expressly permitted by this Protective Order, unless authorized to do so by a further order of this Court or as specifically required by law.

**2.4     Unauthorized Disclosures.**  In the event of disclosure of CONFIDENTIAL INFORMATION other than as authorized in this Protective Order, counsel for the party responsible for the disclosure shall (1) notify all parties of the unauthorized disclosures, (2) make every effort to prevent further disclosure, including retrieving disclosed materials and copies of such materials, and (3) request that the persons to whom the unauthorized disclosure was made sign a "Written Assurance" acknowledgement (Attachment "A").  Upon written stipulation or motion, in accordance with Local Rule 37, the Court may order such further and additional relief as it deems necessary and just.

**2.5     Court Filings.**  Any CONFIDENTIAL INFORMATION (or documents containing CONFIDENTIAL INFORMATION) to be filed with the Court shall be filed under seal pursuant to the procedures set forth in Local Rule 79-5, or pursuant to such other procedures for filing under seal as the Court may order or allow.  The Parties agree that exhibits provided to any jury empaneled in this proceeding shall be provided without the CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY stamp.

**3.     HANDLING DURING TRIAL.**  CONFIDENTIAL INFORMATION which is subject to this Protective Order may be marked and used as trial exhibits by either party in the Action, subject to terms and conditions as imposed by the trial court upon application by the designating party.

MILORD & ASSOCIATES, PC
10517 West Pico Boulevard
Los Angeles, CA 90064
(310) 226-7878

**4.     HANDLING AFTER FINAL DISPOSITION.**  This Protective Order shall survive the final termination of this Action and shall protect all retained materials that have remained CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY through final termination of the case. Upon final termination of this case, counsel for the parties in the Action may each retain one copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain CONFIDENTIAL INFORMATION.  Counsel shall destroy or assemble and return to each other materials designated as confidential and all copies or summaries thereof.

**5.     RESTRICTIONS.**  Nothing herein shall impose any restriction on the use or disclosure by a party of material: (1) obtained lawfully by a party hereto other than through discovery in this Action, from a person who, to the best of such party's knowledge, was not at the time such materials were obtained by such party under a duty (contractual or otherwise) to maintain such materials in confidence; (2) that is public knowledge or became public knowledge after disclosure under this Protective Order (other than through an act or omission or a person receiving material under this Protective Order).

**6.     OTHER REQUESTS.**  This Protective Order shall be without prejudice to the right of any party: (i) to request re-designation of material as CONFIDENTIAL, CONFIDENTIAL – ATTORNEYS' EYES ONLY; (ii) upon written stipulation, in accordance with Local Rule 37, to request the Court's ruling on whether a document or information is CONFIDENTIAL, CONFIDENTIAL – ATTORNEYS' EYES ONLY Material, or whether its use should be restricted; (iii) to present a motion to the Court under FRCP 26(c) for a separate protective order as to any document or information, including restrictions differing from those specified herein.  Any challenge to a confidentiality designation shall be initiated pursuant to Local Rule 37 and the burden of

persuasion in any such challenge shall be on the party who designated the material as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY.  The Protective Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Protective Order.

**7.    CONFIDENTIAL INFORMATION SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.**  If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY that party must:

a.    promptly notify in writing the designating party. Such notification shall include a copy of the subpoena or court order;

b.    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

c.    cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose CONFIDENTIAL INFORMATION may be affected.

If the designating party timely seeks a protective order, the party served with the subpoena or court order shall not produce any information designated in this action as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY before a determination by the court from which the subpoena or order issued, unless the party has obtained the designating party's permission. The designating party shall bear the burden and expense of seeking protection in that court of its CONFIDENTIAL INFORMATION and nothing in these provisions should be construed as authorizing or encouraging any party in this Action to disobey a lawful directive from another court.

**8.    CUSTODY.**  Recipients of material under this Protective Order shall maintain such material secured and shall exercise the same standard of care with respect

MILORD & ASSOCIATES, PC
10517 West Pico Boulevard
Los Angeles, CA 90064
(310) 226-7878

1   to storage, custody, use and dissemination of the material as they exercise for their own

2   proprietary information, but in no event shall the standard be less than that of a

3   reasonable person.

4

5        This Protective Order shall be binding on the parties to the Action pending entry

6   by the Court.

7

8   /s/ John T. McInnes               /s/ Steven C. Vondran
John T. McInnes, *pro hac vice*       Steven C. Vondran, SBN 232337

9   john@mcmcip.com                steve@vondranlegal.com
Jodi-Ann McLane, *pro hac vice*     THE LAW OFFICES OF

10  Jodi@mcmcip.com                STEVEN C. VONDRAN, P.C.
MCINNES & MCLANE, LLP       One Sansome Street, Ste. 3500

11  9 Exchange Street              San Francisco, California 94104
Worcester, MA 01608          Tel: (877) 276-5084

12  Tel: (774) 420-2360           Fax: (888) 551-2252
Fax: (866) 610-0507

13

14  Milord A. Keshishian, SBN 197835    Attorney for Defendant

15  milord@milordlaw.com            TRIO MANUFACTURING
MILORD & ASSOCIATES, P.C.

16  10517 West Pico Boulevard

17  Los Angeles, California 90064
Tel: (310) 226-7878

18  Fax: (310) 226-7879

19

20  Attorneys for Plaintiff
CNC SOFTWARE, INC.

21

22  FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

23

24  Dated: January 30, 2017        _____

25                           Andrew J. Wistrich

26                           Magistrate Judge

27

28

MILORD & ASSOCIATES, PC
10517 West Pico Boulevard
Los Angeles, CA 90064
(310) 226-7878

EXHIBIT A

WRITTEN ASSURANCE

I, _____ (print name), reside at _____, in the City of _____, _____.  I am employed by and/or affiliated with _____, with a business address of _____, in the City of _____, _____.  I have read and understand the Protective Order filed in the case of *CNC SOFTWARE, INC. V. TRIO MANUFACTURING*. I agree to comply with and be bound by the provisions of the Protective Order.  I will not divulge Confidential Information (as defined in the Protective Order) to persons other than those specifically authorized by the Protective Order.  I will not copy or use, except solely for the purpose of this litigation, any information protected by the Protective Order except as expressly permitted by the Court.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this Action.

Executed at _____, _____ (insert city and state), this _____ day of _____, 201__.

_____

Signature

MILORD & ASSOCIATES, PC
10517 West Pico Boulevard
Los Angeles, CA 90064
(310) 226-7878