Milord A. Keshishian, SBN 197835; milord@milordlaw.com
J. Nicolas Anwandter, SBN 294677; nico@milordlaw.com
MILORD & ASSOCIATES, P.C.
10517 West Pico Boulevard
Los Angeles, California 90064
Tel: (310) 226-7878; Fax: (310) 226-7879

Jodi-Ann McLane, Esq. *pro hac vice;* jodi@mcmcip.com
John T. McInnes, Esq. *pro hac vice;* john@mcmcip.com
MCINNES & MCLANE LLP
9 Exchange Street
Worcester, MA 01608
Tel: (774) 420-2360; Fax: (866) 610-0507
**Attorneys for PLAINTIFF, CNC SOFTWARE, INC.**

Marc E. Hankin (SBN: 170505); Marc@HankinPatentLaw.com
Anooj Patel (SBN: 300297); Anooj@HankinPatentLaw.com
**HANKIN PATENT LAW, APC**
12400 Wilshire Boulevard, Suite 1265
Los Angeles, CA  90025
Tel: (310) 979-3600; Fax: (310) 979-3603

Attorneys for **DEFENDANTS**,
**TRIO MANUFACTURING, INC.,**
**MICHAEL HUNKINS, AND BRIAN HUNKINS**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CNC SOFTWARE, INC, | Case No.:  2:16-CV-07064-SVW-AJW |
| Plaintiff, | |
| vs. | [PROPOSED] |
| | **JOINT JURY INSTRUCTIONS** |
| TRIO MANUFACTURING, a California corporation, MICHAEL HUNKINS, and BRIAN HUNKINS, individuals, | Pretrial Conference: November 6, 2017<br>Time:  3:00 pm<br>Trial Date: November 14, 2017<br>Courtroom: 10A, First Street Courthouse |
| Defendants. | The Honorable Stephen V. Wright |

Plaintiff CNC Software, Inc. and Defendants Trio Manufacturing, Michael Hunkins, and Brian Hunkins hereby submit the following proposed jury instructions.

**INDEX OF JURY INSTRUCTIONS**

| No. | Title & Source | Party Offering | Rejected | Given | Given as Modified | Date |
|-----|----------------|----------------|----------|-------|-------------------|------|
| 1 | 9th Cir. Civ. Jury Instr. 2.1 (2017) | | | | | |
| 2 | 9th Cir. Civ. Jury Instr. 2.2 (2017) | | | | | |
| 3a | 9th Cir. Civ. Jury Instr. 2.3 (2017) | | | | | |
| 3b | 9th Cir. Civ. Jury Instr. 2.3 (2017) | | | | | |
| 4 | 9th Cir. Civ. Jury Instr. 2.4 (2017) | | | | | |
| 5 | 9th Cir. Civ. Jury Instr. 2.9 (2017) | | | | | |
| 6 | 9th Cir. Civ. Jury Instr. 2.11 (2017) | | | | | |
| 7 | 9th Cir. Civ. Jury Instr. 2.12 (2017) | | | | | |
| 8a | 9th Cir. Civ. Jury Instr. 2.13 (2017) | | | | | |
| 8b | 9th Cir. Civ. Jury Instr. 2.13 (2017) | | | | | |
| 9 | 9th Cir. Civ. Jury Instr. 17.2 (2017) | | | | | |
| 10 | 9th Cir. Civ. Jury Instr. 17.15 (2017) | | | | | |
| 11 | 9th Cir. Civ. Jury Instr. 17.3 (2017) | | | | | |
| 12 | 9th Cir. Civ. Jury Instr. 17.5 (2017) | | | | | |
| 13a | 9th Cir. Civ. Jury Instr. 17.17 (2017) | | | | | |
| 13b | 9th Cir. Civ. Jury Instr. 17.17 (2017) | | | | | |

**JOINT JURY INSTRUCTIONS**

| | | | | | | |
|---|---|---|---|---|---|---|
| 14a | 9th Cir. Civ. Jury Instr. 17.32 (2017) | | | | | |
| 14b | 9th Cir. Civ. Jury Instr. 17.32 (2017) | | | | | |
| 15 | 9th Cir. Civ. Jury Instr. 17.33 (2017) | | | | | |
| 16a | 9th Cir. Civ. Jury Instr. 17.34 (2017); Kamar Int'l, Inc. v. Russ Berrie & Co., 752 F.2d 1326, 1331-32 (9th Cir. 1984). | | | | | |
| 16b | 9th Cir. Civ. Jury Instr. 17.34 (2017); Kamar Int'l, Inc. v. Russ Berrie & Co., 752 F.2d 1326, 1331-32 (9th Cir. 1984). | | | | | |
| 17a | 9th Cir. Civ. Jury Instr. 5.3 (2017) | | | | | |
| 17b | 9th Cir. Civ. Jury Instr. 5.3 (2017) | | | | | |
| 18 | 9th Cir. Civ. Jury Instr. 17.37 (2017) | | | | | |
| 19a | 9th Cir. Civ. Jury Instr. 17.36 (2017) | | | | | |
| 19b | 9th Cir. Civ. Jury Instr. 17.36 (2017) | | | | | |
| 20a | 9th Cir. Civ. Jury Instr. 17.35 (2017) | | | | | |
| 20b | 9th Cir. Civ. Jury Instr. 17.35 (2017); 17 U.S.C. § 504(c); 17 USC § 412 | | | | | |

**JOINT JURY INSTRUCTIONS**

| | | | | | | |
|---|---|---|---|---|---|---|
| 21a | 17 U.S.C. §507(b) | | | | | |
| 21b | 17 U.S.C. §507(b) | | | | | |
| 22a | *Danjaq LLC v. Sony Corp.*, 263 F3d 942,951 (9th Cir. 2001) | | | | | |
| 22b | *Danjaq LLC v. Sony Corp.*, 263 F3d 942,951 (9th Cir. 2001) | | | | | |
| 23a | *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster*, Ltd., 518 F. Supp. 2d 1197, 1224 (C.D. Cal. 2007) | | | | | |
| 23b | *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster*, Ltd., 518 F. Supp. 2d 1197, 1224 (C.D. Cal. 2007) | | | | | |
| 24a | 9th Cir. Civ. Jury Instr. 17.24 (2017); *Practice Mgmt. Info. Corp. v. AMA,* 121 F.3d 516; *Lasercomb Am., Inc. v. Reynolds,* 911 F.2d 970, 977-79 (4th Cir.1990) | | | | | |
| 24b | 9th Cir. Civ. Jury Instr. 17.24 (2017); Practice Mgmt. Info. Corp. v. AMA, 121 F.3d 516; Lasercomb Am., Inc. v. Reynolds, 911 F.2d 970, | | | | | |

**JOINT JURY INSTRUCTIONS**

| | 977-79 (4th Cir.1990) | | | | | |
|---|---|---|---|---|---|---|

## COURT'S INSTRUCTION NO. 1

*Stipulated Testimony*

The parties have agreed what [witness]'s testimony would be if called as a witness. You should consider that testimony in the same way as if it had been given here in court.

AUTHORITY:

9th Cir. Civ. Jury Instr. 2.1 (2017).

Modified: No.


_____ Given

_____ Given as Modified

_____ Refused

_____ Withdrawn

## COURT'S INSTRUCTION NO.  2

*Stipulations of Fact*

The parties have agreed to certain facts [to be placed in evidence as Exhibit __] [that will be read to you].  You should therefore treat these facts as having been proved.

AUTHORITY:

9th Cir. Civ. Jury Instr. 2.2 (2017).

Modified: No.

_____ Given

_____ Given as Modified

_____ Refused

_____ Withdrawn

**COURT'S INSTRUCTION NO.  4**

*Deposition in Lieu of Live Testimony*

A deposition is the sworn testimony of a witness taken before trial.  The witness is placed under oath to tell the truth and lawyers for each party may ask questions.  The questions and answers are recorded.  When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

The deposition of [witness] was taken on [date].  You should consider deposition testimony, presented to you in court in lieu of live testimony, insofar as possible, in the same way as if the witness had been present to testify.

[Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.]

AUTHORITY:

9th Cir. Civ. Jury Instr. 2.4 (2017).

Modified: No.

_____ Given

_____ Given as Modified

_____ Refused

_____ Withdrawn

**JOINT JURY INSTRUCTIONS**

# COURT'S INSTRUCTION NO.  5

*Impeachment Evidence*

The evidence that a witness [e.g., has been convicted of a crime, lied under oath on a prior occasion, etc.] may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

**JOINT JURY INSTRUCTIONS**

AUTHORITY:

9th Cir. Civ. Jury Instr. 2.9 (2017).

Modified: No.

_____ Given

_____ Given as Modified

_____ Refused

_____ Withdrawn

**JOINT JURY INSTRUCTIONS**

# COURT'S INSTRUCTION NO.  6

*Use of Interrogatories of a Party*

Evidence [will now be] [was] presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side.  These answers were given in writing and under oath before the actual trial in response to questions that were submitted under established court procedures.  You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

AUTHORITY:

9th Cir. Civ. Jury Instr. 2.11 (2017).

Modified: No.


_____     Given

_____     Given as Modified

_____     Refused

_____     Withdrawn

**COURT'S INSTRUCTION NUMBER 7**

*Use of Requests for Admission*

Evidence [will now be] [was] presented to you in the form of admissions to the truth of certain facts. These admissions were given in writing before the trial, in response to requests that were submitted under established court procedures. You must treat these facts as having been proved.

AUTHORITY:

9th Cir. Civ. Jury Instr. 2.12 (2017).

Modified: No.

_____ Given

_____ Given as Modified

_____ Refused

_____ Withdrawn

**COURT'S INSTRUCTION NO. 9**

*Copyright – Defined (17 U.S.C. § 106)*

Copyright is the exclusive right to copy. This right to copy includes the exclusive rights to, or authorize others to:

1. reproduce the copyrighted work in copies;

2. prepare derivative works based upon the copyrighted work; and

3. distribute copies of the copyrighted work to the public by sale or other transfer of ownership or by rental or lease or lending;

It is the owner of a copyright who may exercise these exclusive rights. In general, copyright law protects against reproduction of identical or substantially similar copies of the owner's copyrighted work without the owner's permission. An owner may enforce these rights to exclude others in an action for copyright infringement.

**JOINT JURY INSTRUCTIONS**

AUTHORITY:

9th Cir. Civ. Jury Instr. 17.2 (2017).

Modified: Yes. Limited to the portions relevant to the present case.

_____ Given

_____ Given as Modified

_____ Refused

_____ Withdrawn

**COURT'S INSTRUCTION NO.  10**

*Copyright-Derivative Work*

A copyright owner is entitled to exclude others from creating derivative works based on the owner's copyrighted work. The term derivative work refers to a work based on one or more pre-existing works. Accordingly, the owner of a copyrighted work is entitled to exclude others from recasting, transforming, or adapting the copyrighted work without the owner's permission.

If the copyright owner exercises the right to create a derivative work based on the copyrighted work, this derivative work may also be copyrighted. Only what was newly created, such as editorial revisions, annotations, elaborations, or other modifications to the pre-existing work is considered to be the derivative work.

**JOINT JURY INSTRUCTIONS**

AUTHORITY:

9th Cir. Civ. Jury Instr. 17.15 (2017).

Modified: No. Limited to the portions relevant to the present case.


_____   Given

_____   Given as Modified

_____   Refused
_____   Withdrawn

# COURT'S INSTRUCTION NO.  11

*Copyright-Subject Matter-Generally*

The works involved in this trial are Plaintiff's copyrights: U.S. Copyright Registration No. TX0007403804, registered on June 23, 2011 and entitled "MASTERCAM X5"; U.S. Copyright Registration No. TXu001832859, registered on May 22, 2012 and entitled "MASTERCAM X6"; U.S. Copyright Registration No. TX0007923706, registered on August 27, 2013 and entitled "MASTERCAM X7"; and U.S. Copyright Registration No. TX0008051551, registered on November 28, 2014 and entitled "MASTERCAM X8".  The Plaintiff's works are computer programs.  You are instructed that Plaintiff owns valid and enforceable copyright in the computer programs.

AUTHORITY:

9th Cir. Civ. Jury Instr. 17.3 (2017).

Modified: Yes.  The modification reflects Defendants' Stipulation of Infringement.  Dkt. No. 49.

_____ Given

_____ Given as Modified

_____ Refused

_____ Withdrawn

## COURT'S INSTRUCTION NO. 12

*Copyright Infringement- Elements- Ownership and Copying*

Anyone who copies original elements of a copyrighted work during the term of the copyright without the owner's permission infringes the copyright.

On the plaintiff's copyright infringement claim, you are instructed that Plaintiff owns valid copyrights.  To prove infringement, the plaintiff has the burden of proving by a preponderance of the evidence the defendant copied elements from the copyrighted work.

Defendants have admitted to infringing Plaintiff's copyright in MASTERCAM X7, i.e. Claims 3, 7, and 11.

If you find that the Plaintiff has proven defendants' copying of MASTERCAM X7 also infringes MASTERCAM X6 and MASTERCAM X5, your verdict should be for the plaintiff on Claims 1-2, 5-6, and 9-10.  If, on the other hand, the plaintiff has failed to prove this element, your verdict should be for the defendants.

If you find that the Plaintiff has proven that defendants additionally downloaded software that is substantially similar to MASTERCAM 8, your verdict should be for the plaintiff on Claims 4, 8, and 12.

**JOINT JURY INSTRUCTIONS**

AUTHORITY:

9th Cir. Civ. Jury Instr. 17.5 (2017).

Modified:  Yes.  The modification reflects Defendants' Stipulation of Infringement.  Dkt. No. 49.


_____  Given

_____  Given as Modified

_____  Refused

_____  Withdrawn

## COURT'S INSTRUCTION NO.  15

*Copyright Damages- Actual Damages*

The copyright owner is entitled to recover the actual damages suffered as a result of the infringement.  Actual damages means the amount of money adequate to compensate the copyright owner for the reduction of the fair market value of the copyrighted work caused by the infringement.  The reduction of the fair market value of the copyrighted work is the amount a willing buyer would have been reasonably required to pay to a willing seller at the time of the infringement for the actual use made by the defendant of the plaintiff's work.  That amount also could be represented by the lost license fees the plaintiff would have received for the defendant's unauthorized use of the plaintiff's work.

AUTHORITY:

9th Cir. Civ. Jury Instr. 17.33 (2017).

Modified: No.

_____ Given

_____ Given as Modified

_____ Refused

_____ Withdrawn

**COURT'S INSTRUCTION NO. 18**

*Copyright – Damages – Willful Infringement*

An infringement is considered willful when the plaintiff has proved both of the following elements by a preponderance of the evidence:

1. the defendant engaged in acts that infringed the copyright; and

2. the defendant knew that those acts infringed the copyright, or the defendant acted with reckless disregard for, or willful blindness to, the copyright holder's rights.

AUTHORITY:

9th Cir. Civ. Jury Instr. 17.37 (2017)

Modified: No.

_____ Given

_____ Given as Modified

_____ Refused

_____ Withdrawn

1

2

Dated:  November 3, 2017                    Respectfully submitted,

3

4

**MILORD & ASSOCIATES, P.C.**

5

/s/Milord A. Keshishian/

6

Milord A. Keshishian

7

Attorney for Plaintiff

8

CNC SOFTWARE, INC.

9

Dated:  November 3, 2017                    Respectfully Submitted,

10

By: */Marc E. Hankin/*

11

Marc E. Hankin, Esq.

12

**HANKIN PATENT LAW,**

13

A Professional Corporation

14

Attorneys for Defendants,

15

**TRIO MANUFACTURING, INC.,**

16

**MICHAEL HUNKINS, AND BRIAN**

17

**HUNKINS**

18

19

20

21

22

23

24

25

26

27

28

**JOINT JURY INSTRUCTIONS**