Milord A. Keshishian, SBN 197835; milord@milordlaw.com
J. Nicolas Anwandter, SBN 294677; nico@milordlaw.com
MILORD & ASSOCIATES, P.C.
10517 West Pico Boulevard
Los Angeles, California 90064
Tel: (310) 226-7878; Fax: (310) 226-7879

Jodi-Ann McLane, Esq. *pro hac vice;* jodi@mcmcip.com
John T. McInnes, Esq. *pro hac vice;* john@mcmcip.com
MCINNES & MCLANE LLP
9 Exchange Street
Worcester, MA 01608
Tel: (774) 420-2360; Fax: (866) 610-0507
**Attorneys for PLAINTIFF, CNC SOFTWARE, INC.**

Marc E. Hankin (SBN: 170505); Marc@HankinPatentLaw.com
Anooj Patel (SBN: 300297); Anooj@HankinPatentLaw.com
**HANKIN PATENT LAW, APC**
12400 Wilshire Boulevard, Suite 1265
Los Angeles, CA  90025
Tel: (310) 979-3600; Fax: (310) 979-3603

Attorneys for **DEFENDANTS,**
**TRIO MANUFACTURING, INC.,**
**MICHAEL HUNKINS, AND BRIAN HUNKINS**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CNC SOFTWARE, INC, <br><br> Plaintiff, <br><br> vs. <br><br> TRIO MANUFACTURING, a California corporation, MICHAEL HUNKINS, and BRIAN HUNKINS, individuals, <br><br> Defendants. | Case No.:  2:16-CV-07064-SVW-AJW <br><br> [PROPOSED] <br><br> **PLAINTIFF'S PROPOSED JURY INSTRUCTIONS OBJECTED TO BY DEFENDANTS'** <br><br> Pretrial Conference: November 6, 2017 <br> Time:  3:00 pm <br> Trial Date: November 14, 2017 |

Courtroom: 10A, First Street Courthouse
The Honorable Stephen V. Wright

**PLAINTIFF'S PROPOSED COURT'S INSTRUCTION NO. ___**

*Judicial Notice*

The court has decided to accept as proved the fact that:

a.     Jurisdiction is proper in this Court and the Court has jurisdiction over the parties and subject matter of this case.

b.     Venue is proper in the United States District Court for the Central District of California.

c.     CNC is a corporation duly organized and existing under the laws of the State of Connecticut, having its principal place of business in Connecticut.

d.     Trio is a corporation duly organized and existing under the laws of the State of California, having its principal place of business in California.

e.     M. Hunkins is an individual living in the state of California and is the owner and President of Trio.

f.     B. Hunkins is an individual living in the state of California and is the Executive Vice President of Trio.

g.     CNC is the owner of seventy-eight copyright registrations for Mastercam® Software, including U.S. Copyright Registration No. TX0007923706,

-1-

**JURY INSTRUCTIONS PROPOSED BY PLAINTIFF OBJECTED TO BY DEFENDANTS**

registered on August 27, 2013 and entitled "MASTERCAM X7;" U.S. Copyright Registration No. TX0007403804, registered on June 23, 2011 and entitled "MASTERCAM X5;" U.S. Copyright Registration No. TXu001832859, registered on May 22, 2012 and entitled "MASTERCAM X6;" and U.S. Copyright Registration No. TX0008051551, registered on November 28, 2014 and entitled "MASTERCAM X8."

h.   Defendants accessed and downloaded copies of unlicensed, pirated Mastercam® Software (the "Pirated Software") and used the Pirated Software for commercial purposes.

i.   Defendants accessed and downloaded the Pirated Software onto *at least* thirteen (13) computers located at Trio, such computers having the following host names: (i) EDM-pc; (ii) IvanL-PC; (iii) Ivan-PC; (iv) Jason-Pc; (v) QDC-PC; (vi) Rafael-PC; (vii) Ray-Pc; (viii) Shop33-PC; (ix) Shop3-PC; (x) Shop7-PC; (xi) Shop8-PC; (xii) Spare7-pc; and (xiii) user-PC.

j.   Defendants have accessed, downloaded, and commercially used at least three (3) different Pirated Software versions of complete suites of Mastercam® Software, namely: (i) Mastercam® X7; (ii) Mastercam® X7 MUI; and (iii) Mastercam® X7 MU2.  Defendants commercially used these three different versions at least 2,000 times.

k.   Defendants warranted and represented on April 4, 2017 that they knew of no other infringing use of the Mastercam® Software other than through the Unlicensed Software as listed in items i. and j. above, or use of the Mastercam® Software through any of Defendants' other related companies.

l.   The Pirated Software Defendants downloaded is substantially similar to the copyright protected versions of Mastercam® in at least U.S. Copyright Registration No. TX0007923706.

m.   Defendants advertised their use of the Pirated Software on Trio's website, including utilizing the Mastercam® trademark and slogan without

-2-

permission of CNC.

n.     After being served with this lawsuit, Defendants deleted the Pirated Software from the Trio computers.

You must accept these facts as true.

AUTHORITY:

9th Cir. Civ. Jury Instr. 2.3 (2017).

Modified: Yes.

_____ Given

_____ Given as Modified

_____ Refused

_____ Withdrawn

**JURY INSTRUCTIONS PROPOSED BY PLAINTIFF OBJECTED TO BY DEFENDANTS**

**DEFENDANTS' PROPOSED COURT'S INSTRUCTION NO. ___**

*Judicial Notice*

The court has decided to accept as proved the fact that:

a.   Jurisdiction is proper in this Court and the Court has jurisdiction over the parties and subject matter of this case.

b.   Venue is proper in the United States District Court for the Central District of California.

c.   CNC is a corporation duly organized and existing under the laws of the State of Connecticut, having its principal place of business in Connecticut.

d.   Trio is a corporation duly organized and existing under the laws of the State of California, having its principal place of business in California.

e.   M. Hunkins is an individual living in the state of California and is the owner and President of Trio.

f.   B. Hunkins is an individual living in the state of California and is the Executive Vice President of Trio.

g.   CNC is the owner of seventy-eight copyright registrations for Mastercam® Software, including U.S. Copyright Registration No. TX0007923706, registered on August 27, 2013 and entitled "MASTERCAM X7;" U.S. Copyright Registration No. TX0007403804, registered on June 23, 2011 and entitled "MASTERCAM X5;" U.S. Copyright Registration No. TXu001832859, registered on May 22, 2012 and entitled "MASTERCAM X6;" and U.S. Copyright Registration No. TX0008051551, registered on November 28, 2014 and entitled "MASTERCAM X8."

h.   Defendants accessed and downloaded copies of unlicensed, Mastercam® Software (the "Unlicensed Software") and used the Unlicensed Software for commercial purposes.

i.   Defendants accessed and downloaded the Unlicensed Software onto *at least*

-4-

thirteen (13) computers located at Trio, such computers having the following host names: (i) EDM-pc; (ii) IvanL-PC; (iii) Ivan-PC; (iv) Jason-Pc; (v) QDC-PC; (vi) Rafael-PC; (vii) Ray-Pc; (viii) Shop33-PC; (ix) Shop3-PC; (x) Shop7-PC; (xi) Shop8-PC; (xii) Spare7-pc; and (xiii) user-PC.

j.       Defendants have accessed, downloaded, and commercially used at least three (3) different Unlicensed Software versions of complete suites of Mastercam® Software, namely: (i) Mastercam® X7; (ii) Mastercam® X7 MUI; and (iii) Mastercam® X7 MU2.  Defendants commercially used these three different versions at least 2,000 times.

k.       Defendants warranted and represented on April 4, 2017 that they knew of no other infringing use of the Mastercam® Software other than through the Unlicensed Software as listed in items i. and j. above, or use of the Mastercam® Software.

l.       The Unlicensed Software Defendants downloaded is substantially similar to the copyright protected versions of Mastercam® in at least U.S. Copyright Registration No. TX0007923706.

m.       Defendants advertised their use of the Unlicensed Software on Trio's website, including utilizing the Mastercam® trademark and slogan without permission of CNC.

n.       After being served with this lawsuit, Defendants deleted the Unlicensed Software from the Trio computers.

You must accept these facts as true.

**JURY INSTRUCTIONS PROPOSED BY PLAINTIFF OBJECTED TO BY DEFENDANTS**

AUTHORITY:

9th Cir. Civ. Jury Instr. 2.3 (2017).

Modified: Yes.

_____ Given

_____ Given as Modified

_____ Refused

_____ Withdrawn

**JURY INSTRUCTIONS PROPOSED BY PLAINTIFF OBJECTED TO BY DEFENDANTS**

**DEFENDANTS' OBJECTION**

The use of the word "Pirated" is needlessly inflammatory, and serves no purpose other than to attach an unwarrantedly negative connotation to Defendants. While it is true that predecessor Counsel for Defendants entered into the Stipulation of Infringement [DKT49] that uses the word "Pirated", it is inappropriate to use this term in front of the Jury and in other documents filed with this Court. To be clear, Defendants have not, and have no intention to, move to exclude the Stipulation or the substantive issues for which it stands, but this Court should not utilize the needlessly prejudicial language contained therein that was inappropriately agreed to by Defendants' predecessor Counsel.

The probative value of the use of "Pirated" is far outweighed by the danger of unfair prejudice and confusing the issues. Defendants are not on trial here for "Pirating" but for alleged Copyright Infringement. The perfectly accurate and far more neutral term "Unlicensed" should be used instead. The term "Unlicensed" clearly conveys the relevant information without needlessly attaching negative connotations.

**PLAINTIFF'S POSITION**

Defendants negotiated the Stipulation of Infringement [Dkt. 49] through counsel, and agreed to the proper term for the pirated version of the software they were illicitly using. Additionally, Defendants have deleted from the stipulation in section k. "through any of Defendants' other related companies." The previously stipulated facts cannot be changed.

**JURY INSTRUCTIONS PROPOSED BY PLAINTIFF OBJECTED TO BY DEFENDANTS**

**PLAINTIFF'S PROPOSED COURT'S INSTRUCTION NUMBER \_\_\_**

*Expert Opinion*

You [have heard] [are about to hear] testimony from [name] who [testified] [will testify] to opinions and the reasons for [his] [her] opinions. This opinion testimony is allowed, because of the education or experience of this witness.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

AUTHORITY:

9th Cir. Civ. Jury Instr. 2.13 (2017).

Modified: No.

_____ Given

_____ Given as Modified

_____ Refused

_____ Withdrawn

**JURY INSTRUCTIONS PROPOSED BY PLAINTIFF OBJECTED TO BY DEFENDANTS**

**DEFENDANTS' PROPOSED COURT'S INSTRUCTION NUMBER ___**

*Expert Opinion*

~~You [have heard] [are about to hear] testimony from [name] who [testified] [will testify] to opinions and the reasons for [his] [her] opinions. This opinion testimony is allowed, because of the education or experience of this witness.~~

~~Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.~~

~~AUTHORITY:~~

~~9th Cir. Civ. Jury Instr. 2.13 (2017).~~

~~Modified: No.~~

~~_____ Given~~

~~_____ Given as Modified~~

~~_____ Refused~~

~~_____ Withdrawn~~

**JURY INSTRUCTIONS PROPOSED BY PLAINTIFF OBJECTED TO BY DEFENDANTS**

**DEFENDANTS' OBJECTION**

Pursuant to this Court's Civil Trial Preparation Order [DKT77] and Fed. R. Civ. Pro. Rule 26(a)(2)(D), the deadlines for Defendants and Plaintiff CNC Software, Inc. to Disclose Expert Witness Testimony was August 16, 2017.

On October 18, 2017, Plaintiff filed an Ex Parte Application to Continue Trial Deadlines that included a request to re-open the closed Expert Discovery deadlines. Plaintiff's Ex Parte Application was denied on October 20, 2017. Plaintiff also filed a Motion to Continue Trial Deadlines on October 24, 2017, scheduled for Hearing on November 6, 2017.

Accordingly, because the deadline to Disclose Expert Witness Testimony was August 16, 2017, and neither party disclosed any Expert Witnesses, Plaintiff should be barred from introducing Expert Witnesses, or Expert Witness Testimony at Trial or otherwise in this litigation. Therefore, a Jury Instruction regarding Expert Witnesses is unnecessary and may needlessly confuse the Jury.

**PLAINTIFF'S POSITION**

The Court's trial setting order was less than the ninety-day before trial expert disclosure requirement in Fed. R. Civ. Pro. 26(a)(2)(D), thus prohibiting Plaintiff's compliance.

**JURY INSTRUCTIONS PROPOSED BY PLAINTIFF OBJECTED TO BY DEFENDANTS**

**PLAINTIFF'S PROPOSED COURT'S INSTRUCTION NO. ____**

*Copying – Access and Substantial Similarity*

Court's Instruction No. ____ [Model Instr. 17.5] states that the plaintiff has the burden of proving that the defendant copied original elements from the plaintiff's copyrighted work. The plaintiff may show the defendant copied from the work by showing by a preponderance of the evidence that the defendant had access to the plaintiff's copyrighted work and that there are substantial similarities between the defendant's work and original elements of the plaintiff's work.

You are instructed that Defendants accessed and downloaded copies of unlicensed, pirated Mastercam® Software (the "Pirated Software") and used the Pirated Software for commercial purposes. You are further instructed that the Pirated Software Defendants downloaded is substantially similar to the copyright protected versions of Mastercam® in at least U.S. Copyright Registration No. TX0007923706 (*i.e.*, MASTERCAM X7).

AUTHORITY:

9th Cir. Civ. Jury Instr. 17.17 (2017).

Modified: Yes.

_____ Given

_____ Given as Modified

_____ Refused

_____ Withdrawn

**JURY INSTRUCTIONS PROPOSED BY PLAINTIFF OBJECTED TO BY DEFENDANTS**

**DEFENDANT'S PROPOSED COURT'S INSTRUCTION NO. _____**

*Copying – Access and Substantial Similarity*

Court's Instruction No. _____ [Model Instr. 17.5] states that the plaintiff has the burden of proving that the defendant copied original elements from the plaintiff's copyrighted work.  The plaintiff may show the defendant copied from the work by showing by a preponderance of the evidence that the defendant had access to the plaintiff's copyrighted work and that there are substantial similarities between the defendant's work and original elements of the plaintiff's work.

You are instructed that Defendants accessed and downloaded copies of unlicensed, Mastercam® Software (the "Unlicensed Software") and used the Unlicensed Software for commercial purposes.  You are further instructed that the Unlicensed Software Defendants downloaded is substantially similar to the copyright protected versions of Mastercam® in at least U.S. Copyright Registration No. TX0007923706 (*i.e.*, MASTERCAM X7).

AUTHORITY:
9th Cir. Civ. Jury Instr. 17.17 (2017).
Modified: Yes.

_____ Given
_____ Given as Modified
_____ Refused
_____ Withdrawn

**JURY INSTRUCTIONS PROPOSED BY PLAINTIFF OBJECTED TO BY DEFENDANTS**

**DEFENDANTS' OBJECTION**

The use of the word "Pirated" is needlessly inflammatory, and serves no purpose other than to attach an unwarrantedly negative connotation to Defendants. While it is true that predecessor Counsel for Defendants entered into the Stipulation of Infringement [DKT49] that uses the word "Pirated", it is inappropriate to use this term in front of the Jury and in other documents filed with this Court. To be clear, Defendants have not, and have no intention to, move to exclude the Stipulation or the substantive issues for which it stands, but this Court should not utilize the needlessly prejudicial language contained therein that was inappropriately agreed to by Defendants' predecessor Counsel.

The probative value of the use of "Pirated" is far outweighed by the danger of unfair prejudice and confusing the issues. Defendants are not on trial here for "Pirating" but for alleged Copyright Infringement. The perfectly accurate and far more neutral term "Unlicensed" should be used instead. The term "Unlicensed" clearly conveys the relevant information without needlessly attaching negative connotations.

**PLAINTIFF'S POSITION**

Defendants negotiated the Stipulation of Infringement [Dkt. 49] through counsel, and agreed to the proper term for the pirated version of the software they were illicitly using. Additionally, Defendants have deleted from the stipulation in section k. "through any of Defendants' other related companies." The previously stipulated facts cannot be changed.

# PLAINTIFF'S PROPOSED COURT'S INSTRUCTION NUMBER ___

### *Copyright- Damages*

If you find for the plaintiff on the plaintiff's copyright infringement claim, you must determine the plaintiff's damages. The plaintiff is entitled to recover the actual damages suffered as a result of the infringement. In addition, the plaintiff is also entitled to recover any profits of the defendant . The plaintiff must prove damages by a preponderance of the evidence.

AUTHORITY:

9th Cir. Civ. Jury Instr. 17.32 (2017).

Modified: No.

_____ Given

_____ Given as Modified

_____ Refused

_____ Withdrawn

**JURY INSTRUCTIONS PROPOSED BY PLAINTIFF OBJECTED TO BY DEFENDANTS**

**DEFENDANTS' PROPOSED COURT'S INSTRUCTION NUMBER \_\_\_**

*Copyright- Damages*

If you find for the plaintiff on the plaintiff's copyright infringement claim, you must determine the plaintiff's damages. The plaintiff is entitled to recover the actual damages suffered as a result of the infringement. In addition, the plaintiff may be entitled to recover profits of the defendant where there is a causal relationship between the infringement and the profits generated directly from the infringement. The plaintiff must prove damages by a preponderance of the evidence.

AUTHORITY:

9th Cir. Civ. Jury Instr. 17.32 (2017); 9th Cir. Civ. Jury Instr. 17.34 (2017).

Modified: Yes.

_____ Given

_____ Given as Modified

_____ Refused

_____ Withdrawn

**DEFENDANTS' OBJECTION**

The standard Jury Instructions language in 9th Cir. Civ. Jury Instr. 17.32 (2017) does not contemplate circumstances under which the causal relationship required between copyright infringement and Defendants' profits are at issue.  This relationship is clarified and explained in 9th Cir. Civ. Jury Instr. 17.34 (2017).  There is no need to introduce inconsistent statements that can only serve to cause confusion.

**PLAINTIFF'S POSITION**

The standard Jury Instructions language in 9th Cir. Civ. Jury Instr. 17.32 (2017) provides proper instruction regarding disgorgement of Defendants' profits and should not be altered, which alteration by Defendants imposes a further obligation on Plaintiff's proof not required under the standard language.

1

2 **PLAINTIFF'S PROPOSED COURT'S INSTRUCTION NO. ___**

3 *Copyright- Damages –Defendant's Profits*

4

5      In addition to actual damages, the copyright owner is entitled to any profits of the

6 defendants attributable to the infringement.  You may not include in an award of profits

7 any amount that you took into account in determining actual damages.

8      You may make an award of the defendants' profits only if you find that the

9 plaintiff showed a causal relationship between the infringement and the profits generated

10 indirectly from the infringement.

11      The defendants' profit is determined by deducting all expenses from the

12 defendant's gross revenue.

13      The defendants' gross revenue is all of the defendants' receipts from the use of a

14 product containing or using the copyrighted work.  The plaintiff has the burden of

15 proving the defendants' gross revenue by a preponderance of the evidence.

16      Expenses are all operating costs, overhead costs and production costs incurred in

17 producing the defendants' gross revenue.  The defendant has the burden of proving the

18 defendant's expenses by a preponderance of the evidence.

19      Unless you find that a portion of the profit from the sale of a product containing or

20 using the copyrighted work is attributable to factors other than use of the copyrighted

21 work, all of the profit is to be attributed to the infringement.  The defendant has the burden

22 of proving the portion of the profit, if any, attributable to factors other than copying the

23 copyrighted work.  Generally, deductions of defendant's expenses are denied where the

24 defendant's infringement is willful or deliberate.

25

26

27

28

-17-

**COURT'S INSTRUCTION NO.  \_\_\_**

*Copyright- Damages –Defendant's Profits*

(Continued)

AUTHORITY:

9th Cir. Civ. Jury Instr. 17.34 (2017); *Kamar Int'l, Inc. v. Russ Berrie & Co.*, 752 F.2d 1326, 1331-32 (9th Cir. 1984).

Modified: No.

_____   Given

_____   Given as Modified

_____   Refused

_____   Withdrawn

# DEFENDANTS' PROPOSED COURT'S INSTRUCTION NO. ___

### *Copyright- Damages –Defendant's Profits*

In addition to actual damages, the copyright owner is entitled to any profits of the defendants attributable to the infringement.  You may not include in an award of profits any amount that you took into account in determining actual damages.

You may make an award of the defendants' profits only if you find that the plaintiff showed a causal relationship between the infringement and the profits generated indirectly from the infringement.

The defendants' profit is determined by deducting all expenses from the defendant's gross revenue.

The defendants' gross revenue is all of the defendants' receipts from the use of a product containing or using the copyrighted work.  The plaintiff has the burden of proving the defendants' gross revenue by a preponderance of the evidence.

Expenses are all operating costs, overhead costs and production costs incurred in producing the defendants' gross revenue.  The defendant has the burden of proving the defendant's expenses by a preponderance of the evidence.

Unless you find that a portion of the profit from the sale of a product containing or using the copyrighted work is attributable to factors other than use of the copyrighted work, all of the profit is to be attributed to the infringement.  The defendant has the burden of proving the portion of the profit, if any, attributable to factors other than copying the copyrighted work.

-19-

AUTHORITY:

9th Cir. Civ. Jury Instr. 17.34 (2017)

Modified: No.

_____ Given

_____ Given as Modified

_____ Refused

_____ Withdrawn

**JURY INSTRUCTIONS PROPOSED BY PLAINTIFF OBJECTED TO BY DEFENDANTS**

**DEFENDANTS' OBJECTION**

Plaintiff's Proposed Jury Instruction modifies 9th Cir. Civ. Jury Instr. 17.34 (2017) to include information relating to willful infringement.   To the extent that willful infringement affects the damages calculation, that should be included in a Jury Instruction related to willful infringement.   As written, Plaintiff's Jury Instruction introduces a legal term without context, which will cause unnecessary confusion.   Additionally, this information need not be presented here as it would be presented elsewhere.

**PLAINTIFF'S POSITION**

Defendants' admission of using pirated software establishes willful infringement, there can be no innocent infringement when Defendants knowingly used pirated software.

## PLAINTIFF'S PROPOSED COURT'S INSTRUCTION NO. ___

*Copyright – Damages – Statutory Damages*

If you find for the plaintiff on the plaintiff's copyright infringement claim, you must determine the plaintiff's damages. The plaintiff seeks a statutory damage award, established by Congress for each work infringed. Its purpose is not only to compensate the plaintiff for its losses, which may be hard to prove, but also to penalize the infringer and deter future violations of the copyright laws.

The amount you may award as statutory damages is not less than $750, nor more than $30,000 for each work you conclude was infringed.

However, if you find the infringement was willful, you may award as much as $150,000 for each work willfully infringed.

AUTHORITY:

9th Cir. Civ. Jury Instr. 17.35 (2017)

Modified: Yes.  Limited to the portions relevant to the present case.

_____ Given

_____ Given as Modified

_____ Refused

_____ Withdrawn

-22-

**DEFENDANTS' PROPOSED COURT'S INSTRUCTION NO. ___**

*Copyright – Damages – Statutory Damages*

If you find for the plaintiff on the plaintiff's copyright infringement claim, you must determine the plaintiff's damages. The plaintiff seeks a statutory damage award, established by Congress for each work infringed. Its purpose is not only to compensate the plaintiff for its losses, which may be hard to prove, but also to penalize the infringer and deter future violations of the copyright laws.

The amount you may award as statutory damages is not less than $750, nor more than $30,000 for each work you conclude was infringed.

However, if you find the infringement was innocent, you may award as little as $200 for each work innocently infringed.

However, if you find the infringement was willful, you may award as much as $150,000 for each work willfully infringed.

However, statutory damages are not available to the plaintiff if the effective date of registration of the Copyright is more than three (3) months after initial publication, and defendants' infringement began before the effective date of registration.

AUTHORITY:

9th Cir. Civ. Jury Instr. 17.35 (2017); 17 U.S.C. § 504(c); 17 USC § 412

Modified: Yes.  Limited to the portions relevant to the present case.

JURY INSTRUCTIONS PROPOSED BY PLAINTIFF OBJECTED TO BY DEFENDANTS

**DEFENDANTS' OBJECTION**

Plaintiff's Jury Instruction includes language regarding willful infringement, but omits language regarding innocent infringement, both of which are included in 9th Cir. Civ. Jury Instr. 17.35 (2017).  There is no reason to exclude the language regarding innocent infringement.

Defendants' Jury Instruction includes a more complete version of 9th Cir. Civ. Jury Instr. 17.35 (2017).  Additionally, Defendants' Jury Instructions clarify circumstances under which Statutory Damages are unavailable to Plaintiff under 17 U.S.C. § 412.  Defendants' Jury Instructions help provide a more complete understanding of the instructions and provides guidelines utilizing simple language that does not require legal interpretation.

**PLAINTIFF'S POSITION**

Defendants' admission of using pirated software establishes willful infringement, there can be no innocent infringement when Defendants knowingly used pirated software.

**JURY INSTRUCTIONS PROPOSED BY PLAINTIFF OBJECTED TO BY DEFENDANTS**

Dated:  November 3, 2017

Respectfully submitted,

**MILORD & ASSOCIATES, P.C.**

/s/Milord A. Keshishian/
Milord A. Keshishian
Attorney for Plaintiff
CNC SOFTWARE, INC.


Dated:  November 3, 2017

Respectfully Submitted,

By: /*Marc E. Hankin*/

Marc E. Hankin, Esq.

**HANKIN PATENT LAW,**

A Professional Corporation
Attorneys for Defendants,
**TRIO MANUFACTURING, INC.,
MICHAEL HUNKINS, AND BRIAN
HUNKINS**

**JURY INSTRUCTIONS PROPOSED BY PLAINTIFF OBJECTED TO BY DEFENDANTS**